COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Steven Wayne Fisher v. The State of Texas

Appellate case number:    01-15-00339-CR

Trial court case number:  1428579

Trial court:              263rd District Court of Harris County

Appellant, Steven Wayne Fisher, pleaded guilty, without an agreed recommendation as to punishment, to the offense of aggravated robbery with a deadly weapon. The trial court found Fisher guilty of aggravated robbery and assessed punishment at 15 years' confinement. Fisher, acting *pro se*, filed a notice of appeal.

The record in this appeal was due on May 4, 2015. The clerk's record was filed on April 29, 2015. The reporter's record has not been filed. On May 20, 2015, the Clerk of this Court notified appellant that the court reporter responsible for preparing the record in this appeal informed the Court that appellant had not made arrangements to pay for the record and this Court's records indicated that appellant is not appealing as indigent. *See* TEX. R. APP. P. 35.3(b). The Clerk further notified appellant that unless he caused the reporter's record to be filed in this Court, made arrangements to pay for the reporter's record, or provided proof that he is entitled to proceed without payment of costs by June 19, 2015, the Court might consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant failed to respond and on May 19, 2016, the Court ordered that it will consider and decide those issues or points that do not require a reporter's record for a decision. Appellant's brief was ordered to be filed by June 20, 2016.

On June 29, 2016, the Clerk of this Court notified appellant that a brief had not been timely filed and that if this Court did not receive his brief or a motion for extension of time within ten days of that notice, it would abate the appeal and direct the trial court to conduct a hearing in accordance Texas Rule of Appellate Procedure 38.8(b)(2). To date, appellant has not filed a brief.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether appellant is now indigent, and
   a. if appellant is indigent, appoint substitute appellate counsel at no cost to appellant;
   b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; and
      ii. if so, obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date when appellant's *pro se* brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or
      iii. if appellant is not indigent and does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;
3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and
4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (West Supp. 2015), 26.04 (West Supp. 2015).

The court coordinator of the trial court shall set a hearing date no later than 30 days from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file, within 30 days of the date of the hearing, a supplemental clerk's record containing the trial court's findings, recommendations, and any order made. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file, within 30 days of the date of the hearing, the supplemental reporter's record of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Jane Bland</u>
　　　　　　　　　⊠ Acting individually

Date:　 <u>August 18, 2016</u>